6:20-cv-00766-HZ

## CAUSE OF ACTION

Now comes the plaintiff in a pro se capacity alleging that the court and it's officer's allowed by gross negligence an inhumane and illegal device to be installed on the defendant without proper training in its use; that the GPS ankle monitor severely restricted the plaintiff's range of motion around his ankle, was a very painful, abusive and assaultive device and unreasonably risked harm to him, caused harm, caused undue pain, or permanent harm to the plaintiff in violation of his 8th Amendment Right Against Cruel And Unusual Punishment.

The plaintiff also alleges that removing him to the Sheridan Oregon FDC/FCI was grossly negligent, specifically causing the client to become at risk for contracting the coronavirus (he has a family and lives with his mother who is 67) while he committed no serious infraction or crime that should had led to such gross negligence and risk to the plaintiff's life (and the life of his family), as he was previously isolating at his house due to a recent advisory to isolate at home as much as possible.

The plaintiff also alleges that he was wrongfully imprisoned or that the terms of his pretrial release were revoked improperly. Specifically, the plaintiff believed he had entered into a contract with the government, but it's terms were mis-portrayed or not properly portrayed to any reasonable standard: the plaintiff was never advised that he'd have restriction of movement around his ankle caused by the government's device, would not be able to go on his regular jog, ride his bike, or even walk for more than five minutes at a time – without causing eventual daily soreness around his ankle, severe pain at times, and general uncomfortableness while sleeping or having sex (causing the plaintiff sexual humiliation).

Therefore, the government acted negligently and without reason causing the plaintiff undue harm, damages, and pain to his ankle, because the defendant, "Pretrial Services, Lisa Brown, et al.", poorly instructed the plaintiff on the expectations of using the GPS ankle device causing by gross negligence the return of the plaintiff to prison - the wearing of the GPS ankle monitor was not a reasonable or reasonably viable stipulation because the particular model is bulky and weighty, while there are many other brands and options that could have been chosen from..

Because the product was grossly defective, so than is the pretrial services contract which required the use of the product by the plaintiff, the GPS device in this case. It was infact the government's negligence to violate the terms of his pretrial release agreement. Therefore, the government is liable for damages.

Specifically, the plaintiff was taken to prison because he had removed the device for only a moment because he was in severe pain. Having rode his bike for about an hour, he had a

*medical emergency* causing him to be forced to remove the device so that he could ride his bike home, or else he'd be stranded. He was too far from his house to walk home (because it had swollen up my ankle like a pumpkin, and was causing me not to be able to ride anymore).

Because of the government's faulty device and negligent training on its use (no warning was given to the plaintiff of the device by the pretrial services officer) it was not possible to met the conditions of the pretrial agreement. Although the plaintiff admits he would have not rode his bike if he was fairly warned, but imagining the reality of a pretrial stipulation such as that, "No Riding Your Bike," or something like, "No Jogging For More than 10 Minutes" is kind of what we are already talking about (because the government's device was that restrictive).

The plaintiff requests a jury trial and asks for $260,000 in damages.

Thomas Robert Murphy

920 L St.

Springfield, OR 97477

541-505-7695