IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS ROBERT MURPHY,

        Plaintiff,

v.

LISA BROWN,

        Defendant.

Case No. 6:20-CV-00766-HZ

ORDER

HERNANDEZ, District Judge.

Plaintiff initiated his fourth civil rights case by filing an *in forma pauperis* Application (which the Court granted in a separate Order) and a document entitled "Cause of Action," which the Clerk construed as Plaintiff's attempt to file a complaint. Plaintiff's pleading is not, however, a formal complaint. It lacks a caption and fails to properly identify the parties, making it difficult to determine the identities of the parties to this lawsuit. Where Plaintiff has not filed a conforming complaint with the Court, Plaintiff fails to comply with Fed. R. Civ. P. 3 which provides that "[a] civil action is commenced by

1 - ORDER

filing a complaint with the court." However, even if Plaintiff were to cure this deficiency, he cannot state a valid claim for pleading purposes.

## STANDARDS

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and its Exhibits. Id at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. Id. From the facts alleged, the court also must draw all reasonable inferences in favor of the Plaintiff. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to state

2 - ORDER

a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Plaintiff asserts that while on pretrial release, his GPS ankle monitor provided discomfort. This prompted him to remove the GPS monitor which, in turn, led the Court and its pretrial services employees to revoke his pretrial release. Plaintiff believes that the revocation of his pretrial release was not called for by his actions, and he seeks $260,000 in damages resulting from the pain he suffered from enduring the GPS monitor as well as his allegedly needless incarceration. Such claims are foreclosed by judicial immunity and quasi-judicial immunity which generally bar complaints against judges and pretrial services officers. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Whitesel v. Sengenberger*, 222 F.3d 861, 869 (10th Cir. 2000). Summary dismissal is therefore appropriate. Because Plaintiff cannot cure this deficiency through amendment, the dismissal is with prejudice and without leave to amend.

## CONCLUSION

Plaintiff's "Complaint" (#2) is summarily dismissed with prejudice. Additionally, for the reasons set forth above, this court certifies that any appeal from this order would not be

3 - ORDER

taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 27 day of June, 2020.

                                                          Marco A. Hernandez
                                             United States District Judge